The **OHIO CITIZENS TRUST COMPANY,** Trustee, and Telepro Industries, Incorporated, Appellants,

v.

**LEAR JET CORPORATION,** Appellee.

No. 9821.

United States Court of Appeals Tenth Circuit.

Dec. 3, 1968.

Certiorari Denied April 7, 1969. See 89 S.Ct. 1308.

Myron C. Cass, Chicago, Ill. (Silverman & Cass, Chicago, Ill., and Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., and Richard A. Giangiorgi, Chicago, Ill., of counsel, on the brief), for appellants.

Robert D. Spille, New York City (Malcolm Miller, Wichita, Kan., John A. Mitchell and Arthur V. Smith, and Curtis, Morris & Safford, New York City, and Foulston, Siefkin, Powers, Smith & Eberhardt, Wichita, Kan., of counsel, on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is the validity of United States patent No. 2,778,637, the Eash patent, covering a single-reel, endless-magnetic-tape cartridge used in playback machines for sound reproduction. The cartridges contain prerecorded tape and, in connection with playback machines, are commonly used in the home and the

automobile to furnish musical entertainment. Appellant Ohio Citizens Trust Company as trustee is the owner, and appellant Telepro Industries, Incorporated, is the exclusive licensee, of the Eash patent. They sued Lear Jet Corporation for infringement. Lear asserted, and the trial court held, that the Eash patent was invalid because the subject matter was obvious to one having ordinary skill in the art.

The controversy centers around Claim 1 of the Eash patent. This is a combination claim. It includes the cartridge which is shallow and has a flat floor and ceiling. The short, upstanding peripheral walls are open at one end to receive the drive wheel and transducer head of the playback machine into which the cartridge is inserted for operation. The cartridge contains a reel with a flat, disk-like flange on which the coil of tape rests and a hub with cooperating means to mount the reel for free rotation. An endless, spirally-coiled roll of tape is mounted edgewise on the reel flange and encircles the hub. The tape is drawn from the inner, and returned on the outer, convolution of the coil. After leaving the coil, the tape passes around guide members and across the openings where it is exposed to the transducer head of the playback machine. One guide member is a post and another is a roller which is engaged by a drive wheel of the playback machine to provide the motive force for the unwinding and winding of the tape. Pressure pads are mounted on the floor of the cartridge and press the tape yieldingly against transducer head.

The standards of patentability established by Congress are novelty, utility, and nonobviousness.[1] These standards must be applied strictly.[2] When applied to a combination of old elements, the concept of invention is elusive and requires scrutiny "with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements."[3]

The Eash device is a novel combination of old elements which produces an old result, sound reproduction, in a facile, economical, and efficient manner.[4] Commercial acceptance shows its utility. The crux of the case is the standard of nonobviousness. This standard must not be confused with the standard of novelty. A combination of old elements may be new and at the same time obvious to one skilled in the art.

The ultimate question of patent validity is one of law.[5] The conclusion of presence or absence of obviousness is dependent on the facts in a particular case. The decision in Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545, points out that the § 103 standard of nonobviousness lends itself to basic factual inquiries relating to the scope and content of the prior art, the differences between the prior art and the claims in issue, and the level of ordinary skill in the art. We turn to the facts bearing on these inquiries.

The three elements of the Eash device stressed by counsel are (1) the use of the reel, (2) the positioning of guide members on the same level as the reel, and (3) the assurance of proper tape tension to protect against undesirable variations in sound.

We consider first the reel. It is an old element in sound reproduction devices. Eash has one freely rotating reel which contains the coil of tape. The endless tape is unwound from the inside

1. 35 U.S.C. §§ 101, 102, and 103.

2. Carson v. Bland, 10 Cir., 398 F.2d 423, 426. See also Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 92, 62 S.Ct. 37, 86 L.Ed. 58.

3. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162; and Admiral Corporation v. Zenith Radio Corporation, 10 Cir., 296 F.2d 708, 713.

4. See Consolidated Electrodynamics Corporation v. Midwestern Instruments, Inc., 10 Cir., 260 F.2d 811, 816.

5. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 155, 71 S.Ct. 127, 95 L.Ed. 162.

of the coil and rewound on the outside. Such a coil was present in a device known as Mohawk Message Repeater with which Eash became familiar when working on his device before the patent application was filed. Mohawk was designed for short playing times and contained no reel. Instead the coil moved around a fixed-position circular metal strip. The coil rotated with substantial freedom in the cartridge without the application of a braking or driving force. Eash desired to use a longer tape to provide more playing time. He accomplished this result by the use of a reel for the storage of the tape. Except for the reel, the length of the tape, and the positioning of the guide members on a level different from that of the reel, Mohawk and Eash are substantially similar. Nothing in the record shows that the Mohawk device came to the attention of the Patent Office in connection with the application which resulted in the Eash patent.

Emphasis is placed on the fact that the Eash reel is freely rotating. The coil in Mohawk winds and unwinds with substantial freedom. Anticipation of the freely rotating reel is claimed on the basis of the Daniels patent, No. 2,817,516, and the Weiss patent, No. 2,288,983. On Daniels, the testimony of the expert witnesses was divided and the trial court chose to credit the evidence of Lear that it disclosed a freely rotating reel. Weiss has a "magazine or housing" with an endless loop of tape supported on a disk or spool which is rotated by the pull of the tape. It does not show a hub around which the tape could be wound. On the basis of the Daniels and Weiss disclosures, the trial court held that "the element of free reel rotation is disclosed in the prior art."

Eash differs from Mohawk not only in the use of a reel but also in the location of the guide members on the same level as the reel. Mohawk has the guide members on a different level. Lear says that the positioning on the same level is shown by its patent No. 2,679,394. The trial court made no finding on this point but an examination of the pertinent exhibit convinces us that Lear is right. Be that as it may, we see no significance in the use of one or two levels. The problem is one of assembly of the pertinent elements. No evidence indicates that positioning on the same level produces any new or different result.

█ The evenness and regularity with which the tape is drawn past a recording or playback head is important to satisfactory sound reproduction. Counsel supporting the Eash patent says that it secured such a desirable result by use of the freely rotating reel. The record shows that Eash had difficulty in attaining this result until he learned that Mohawk used lubricated tape and substituted that tape for the tape he had previously used. Lubricated tape is old to the art and no claim of patentability is based on its use. No specification of the Eash patent refers to lubricated tape. The word "tension" does not appear in the patent. No element is proposed as a means of tension elimination or compensation. The unique operation of the Eash device results from the neutralizing of varying tape tension by the use of lubricated tape coiled on a freely rotating reel. On substantial evidence the trial court found that to obtain this result "the development of lubricated tape with static dissipating features was a necessary, if not the primary element." We agree with the trial court that the attempt to interject tension into the claim is hindsight. The patent must be judged by what is claimed for it in the patent application—not by what is asserted in subsequent litigation.

█ The controversy narrows to whether the use of an endless coil of tape on a freely rotating reel is a patentable device. Both the endless coil and the freely rotating reel are within the scope and content of the prior art. The significant difference between Mohawk and Eash is that Eash places the endless coil on a reel. The skill required to make this change is mechanical. A

product of mere mechanical skill is not patentable.[6]

 The question of infringement need not be considered because an invalid patent cannot be infringed.[7]

Affirmed.

---

6. Carson v. Bland, 10 Cir., 398 F.2d 423, 426. See also Graham v. John Deere Co., 383 U.S. 1, 35–36, 86 S.Ct. 684, 15 L.Ed.2d 545.

7. Carson v. Bland, 10 Cir., 398 F.2d 423, 427.